**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Steve Young, Appellant.

Appellate Case No. 2013-002417

———————

Appeal From Lexington County
Steven H. John, Circuit Court Judge

———————

Unpublished Opinion No. 2015-UP-345
Heard April 13, 2015 – Filed July 15, 2015

———————

**AFFIRMED**

———————

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Matthew C. Buchanan, of the South Carolina Department
of Probation, Parole and Pardon Services, of Columbia,
for Respondent.

———————

**PER CURIAM:** Steve Young appeals the circuit court's decision to toll his probation while he is incarcerated for committing criminal offenses that were not a violation of his probation. Specifically, Young contends the circuit court abused

its discretion in tolling his probation because the State did not charge him with any violations of his probation and the circuit court did not find any violations other than his willful failure to remain current on his financial obligations.  We affirm.

We find the circuit court did not abuse its discretion in ordering the tolling of Young's probation.  *See State v. Miller*, 404 S.C. 29, 33, 744 S.E.2d 532, 535 (2013) ("The determination of probation matters lies within the sound discretion of the [circuit] court.  An appellate court will reverse the [circuit] court's decision where there has been an abuse of discretion." (citations omitted)).  First, we find tolling was proper because the circuit court found Young willfully violated the terms of his probation.  According to our supreme court, the general rule in most jurisdictions is that tolling is appropriate when authorities cannot supervise the probationer due to his wrongful acts because he "should not be allowed to profit from his own misconduct which prevents supervision by probationary authorities." 404 S.C. at 37, 744 S.E.2d at 537.  In *Miller*, the court held "[t]he references to tolling by our own appellate courts have . . . focused on fault-based grounds.  Thus, . . . the tolling of probation must be premised on a violation of a condition of probation or a statutory directive." *Id.*

Unlike the probationer in *Miller*, who was involuntarily committed to a sexually violent predator program, Young was imprisoned for voluntarily committing criminal offenses.  Importantly, the circuit court found Young violated the terms of his probation by willfully failing to make required restitution and fee payments.  Although the circuit court found Young had violated his probation, it did not revoke his probation because the subject of the hearing was a motion to toll.  Young should not be allowed to profit from his own misconduct by having his probationary term continue to run while he is not under probationary supervision. *See* 404 S.C. at 37, 744 S.E.2d at 537.  Therefore, the circuit court's decision to toll his probation complied with the supreme court's holding in *Miller*. *Id.*

Second, we note the circuit court hearing did not implicate Young's due process rights because it was a motion hearing, not a revocation hearing. *See, e.g.*, *Dangerfield v. State*, 376 S.C. 176, 179, 656 S.E.2d 352, 353-54 (2008) ("Due process considerations apply in contested cases or hearings which affect an individual's property or liberty interests as contemplated by the federal and state constitutions."); *see also State v. Hill*, 368 S.C. 649, 657, 630 S.E.2d 274, 279 (2006) (holding that in a revocation proceeding, a probationer is subject to a deprivation of "limited liberty" because "he is already covered with a criminal sentence").

Finally, we note Young did not object to the circuit court's finding that he violated the terms of his probation by willfully failing to make required payments. Therefore, Young cannot now raise the issue of whether the circuit court's finding of willfulness was improper. *See State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693-94 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the [circuit court]. Issues not raised and ruled upon in the [circuit] court will not be considered on appeal."). Accordingly, the circuit court's decision is affirmed.

**AFFIRMED.**

**SHORT, LOCKEMY, and McDONALD, JJ., concur.**